IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-mj-00461 |
| vs. ) | |
| ) | |
| **JUAN CARLOS HERNANDEZ**, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States moves the Court for a protective order appropriately restricting access to, and redistribution of, "safehouse" interviews with the two minor victims in this case. In support, the United States argues as follows:

1.  Defendant faces charges under 18 U.S.C. §§ 2422(b) and 2423(b). He was arrested on a criminal complaint and has waived the right to have his case presented to the grand jury within 30 days. The purpose of entering that waiver was to enable the parties to engage in pre-indictment plea negotiations.

2.  Two of the minor victims from the case, listed as UAF1 and UAF2 in the criminal complaint, participated in "safehouse" interviews. During the interviews, UAF1 and UAF2 disclosed information about their interaction with Defendant online, as well as sexual contact with Defendant. Part of the information obtained during the interviews helps form the basis of the current charges against Defendant.

3.  The United States recognizes that the defense should have the opportunity to

review the recording of the "safehouse" interviews, and the United States is willing to provide defense counsel a copy of the interviews pre-indictment to facilitate plea negotiations. If those negotiations are unsuccessful and the defendant chooses to retain an expert qualified to offer opinion testimony at trial derived from this material, his attorney also should be permitted to provide that expert access to the recording. There is no valid reason, however, for defense counsel to disclose the recording of the "safehouse" interviews to anyone else.

4. The minor victims in this case have obvious, compelling privacy interests in this material. In recognition of that interest, there is good cause to enter a protective order requiring defense counsel to: (1) restrict access to the "safehouse" interview recordings to himself, his investigator, and an expert qualified to provide opinion testimony at trial based on this material; (2) play the "safehouse" interview recordings for the defendant only under circumstances where no other person will view it and not provide the defendant with a copy of the recording to keep in his possession; (3) refrain from reproducing or otherwise disclosing the "safehouse" interview recordings under any circumstances except as evidence during the trial of this matter without an order from the Court; and (4) return the "safehouse" interview recordings to the United States at the conclusion of this case.

5. Entry of such a protective order is an appropriate exercise of the Court's authority to restrict discovery or inspection pursuant to Rule 16(d)(1). There is good cause for the order based on the minor victim's privacy interests, and entry of the order will not prejudice the defendant in any way.

6. The United States contacted defense counsel regarding the relief it requests through this motion. Defendant does not oppose entry of the requested protective order.

WHEREFORE, the United States asks that the Court enter a protective order restricting

access to, and redistribution of, the "safehouse" interview recordings as set forth above.

Respectfully submitted,

STEPHEN C. YARBOROUGH
Acting United States Attorney

*Electronically filed 3/19/2014*
MARISA A. LIZARRAGA
Assistant United States Attorney
P.O. Box 607
Albuquerque, NM 87102
(505) 346-7472

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on March 19, 2014:


 */s/*
MARISA A. LIZARRAGA
Assistant U.S. Attorney