IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         Case No. 14-461 MJ

JUAN CARLOS HERNANDEZ,

    Defendant.

## APPEAL FROM THE MAGISTRATE'S DETENTION ORDER

COMES NOW Defendant, Juan Carlos Hernandez, by and through his attorney, Dennis Candelaria, Assistant Federal Public Defender, and hereby moves this Court pursuant to 18 U.S.C. §3145(b) for an Order Revoking the Magistrate's Detention Order entered on March 6, 2014. Mr. Hernandez requests release the Defendant upon conditions pursuant to 18 U.S.C. §3141. As grounds, counsel states:

## 18 U.S.C. SECTION 3142 (b) OF THE BAIL REFORM ACT MANDATES PRETRIAL RELEASE OF MR. HERNANDEZ

**A. Risk of Flight**

Title 18 U.S.C. §3142(b) mandates pretrial release on personal recognizance or an unsecured appearance bond unless the court determines that "such release will not reasonably assure" the person's appearance or "will endanger the safety of any other person or the community." The Act emphasizes release on personal recognizance or an unsecured bond. In the present case, the United States Pretrial Services Officer did not

recommend any conditions of release that would assure Mr. Hernandez's future appearance nor conditions that would assure the public's safety. It appears as the sole basis for a finding of Mr. Hernandez a risk of flight by the Magistrate Judge was based upon the crimes alleged in the criminal complaint. Despite the nature of the present crime, Mr. Hernandez has prior misdemeanor and felony convictions whereby he returned for all court appearances. While on probation or parole, Mr. Hernandez complied with all his conditions of release as imposed by the court, and met all obligations as imposed by the court, thereby, rebutting the Magistrate's conclusion of risk of flight. This demonstrates that he is not a flight risk, that he will comply with conditions of pretrial release, and detention is not necessary to secure Mr. Hernandez's appearance.

     Mr. Hernandez is a United States Citizen without any prior criminal history that would presume a risk of flight. There is no allegation that he has ever disobeyed a court's order prior to his arrest. In fact, Mr. Hernandez's prior history has exemplified that he is a candidate for release and would comply with this Court's conditions of release. Therefore, he is not the type of offender "who is likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." See United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986).

     Mr. Hernandez has been a resident of El Paso, Texas for his entire life. Mr. Hernandez does not own a U. S. passport. Should Mr. Hernandez be released, he will live

with his parents. Mr. Hernandez was initially arrested on state charges, bonded out and lived with his parents while this case was pending. Once the case was transferred to federal court, Mr. Hernandez was arrested at his parents house while following the conditions of release as set out by New Mexico State District Court.

Mr. Hernandez is presently pending state charges in El Paso, Texas. If Mr. Hernandez were released on conditions in the present case, he would be taken into state custody and transferred to El Paso. If Mr. Hernandez failed to make bond in El Paso, Mr. Hernandez would request his bond be revoked and he would return to federal custody. In the alternative, if he were to make bond, Mr Hernandez would be under the supervision of both state and federal authorities.

Mr. Hernandez has been successful in securing employment, and if released on conditions, Mr. Hernandez believes that he will be able to find employment and will be able to provide support for his 10 year old son. Mr. Hernandez, as indicated, is willing to abide by any and all conditions set by the Court, including electronic monitoring, as well as any conditions set by the United States Pre-Trial Services Office.

**B. Danger to the Community**

Upon the appearance before a judicial officer or a person charged with an offense, the judicial officer shall issue an order that, the person be-

(1) released on personal recognizance or upon execution an unsecured bond...

(2) released on a condition or combination of conditions...

(3) temporarily detained to permit revocation...or

(4) detained under subsection (e) of this section.

18 U.S.C. §3142(a) (in relevant part).

The Magistrate Judge made erroneous findings of fact regarding the risk of danger to the community. The Magistrate Judge concluded that Mr. Hernandez's conduct at posed a significant danger to the community.

Although hearsay evidence is admissible in a detention hearing, the Court must remain sensitive that hearsay may not always be an acceptable form of proof. In particular cases, given the inherent problems and limitations with hearsay evidence, the use of proffer evidence by the government raises "grave concern" about whether the government can meet its burden of proof. *U.S. v.Accetturo*, 783 U.S. 382 (3rd Cir. 1986).

As the Supreme Court has observed, a detention hearing is a "full blown adversarial hearing." *United States v. Salerno*, 481 U.S. 739 (1987). Mr. Hernandez cannot cross-examine hearsay evidence. The government's ability to establish by clear and convincing evidence that Mr. Hernandez is a safety risk is inversely related to the quantum and quality of the hearsay evidence offered by the government. In the present case, the government did not even proffer evidence. The Magistrate Judge *sua sponte* was concerned about the allegations contained in the criminal complaint without a proffer. The Magistrate's conclusion of dangerousness is misplaced for purposes of Mr. Hernandez's release while pending the disposition of this case.

The *Salerno* court found that only the most serious offenses can trigger a detention hearing under Section 3142(f). The Supreme Court's citation to 3142(f) makes clear that only the "most serious of crimes" triggers a detention hearing in the first instance. The unmistakable implication being that, for the majority of crimes, detention should not even be an option. The Supreme Court's description of §3142(f) as applying to a "specific category of serious offenses and only in "narrow circumstances," reflects a limited, categorical approach to determining whether a particular offense triggers detention.

Presuming the Magistrate Court believed the instant offense to be one of the most serious crimes, defense counsel still believes that there can be conditions set to assure the public's safety. Mr. Hernandez requests that the District Court consider conditions of release that will assure his presence at trial and impose conditions of release that will assure that he is not a risk of flight nor a danger to the community. Defense counsel requests that Mr. Hernandez be released on a $25,000 bond with 10% to the court; that he be confined to his parents house on GPS monitoring; drug and alcohol counseling; and zero tolerance.

Federal circuits that have considered this issue are unanimous that the district court must undertake a plenary review of the Magistrate's detention order. U.S. v. Hurtado, 779 F.2d 1467, 1480-81 (11th Cir. 1985); U.S. v. Maull, 773 F.2d 1479, 1481-85 (8th Cir. 1985); en banc; U.S. v. Leon, 766 F.2d 77, 80 (2nd Cir. 1985); U.S. v. Delker, 757 F.2d 1390, 1394-95 (3rd Cir. 1985); U.S. v. Williams, 753 F.2d 329, 333 (4th Cir. 1985);

U.S. v. Fortna, 769 F.2d 243, 249-50 (5th Cir. 1985).  On the merits, Mr. Hernandez is an appropriate candidate for release on conditions for the following reasons.  Mr. Hernandez has rebutted the presumption that he is neither a flight risk nor a danger to the community if released.

WHEREFORE, Mr. Hernandez requests this Court to conduct an evidentiary hearing, revoke the Magistrate's detention order, and release the Defendant upon conditions pursuant to 18 U.S.C. §3141.

Respectfully submitted,

**Federal Public Defender**
506 S. Main St., Suite 400
Las Cruces, NM 88001
(575) 527-6930

**Electronically filed 5/16/14**
*/s/ Dennis J. Candelaria*
Assistant Federal Public Defender
Las Cruces Office

**CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following: Marisa A. Lizarraga, Assistant United States Attorney, and all other counsel of record.

**Electronically filed 5/16/14**
*/s/ Dennis J. Candelaria*
Assistant Federal Public Defender