UNITED STATES DISTRICT COURT

FOR THE UNITED STATES DISTRICT

OF

NEW MEXICO

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 MAY -2 PM 2: 11

CLERK-LAS CRUCES



Juan Hernandez

    Movant,

V.                                    Case No. 2:14CR02790-001VJ1

United States Of America

    COMES NOW Movant Juan Hernandez and deposes and states as follows:

    1) He is the defendant in the above entitled case

    2) Movant is attempting to prepare a motion pursuant to 28 U.S.C. §2255. Movant also have a civil/malpractice suit that he is filing in the courts and need material relinquished from his previous Attorney At the present time, defendant is indigent and proceeding "pro se".

    3) Documents and evidence in his "file" as well as all of Movant's medical records are in possession of Attorney Charles J. Mcelhinney, Offices Located At 637 N. Alameda Blvd, Las Cruces,NM 88005 are material to Mr.Hernandez preparation of his motion pursuant to 28 U.S.C. §2255 ineffective claim

and movant's §1983 Civil Suit and supporting argument thereto.

The documents include but are not limited to (A) Motions filed with the court during the criminal proceedings, (B) Discovery requests by counsel, (C) Results of discovery, (D) Rulings on motions by the courts, (E) Transcripts of proceedings, sentencing, and plea agreements, (F) Briefs filed on the defendant's behalf (G) Orders and opinions in the direct review of Mr. Hernandez's case, (H) Mr. Hernandez's presentence report (I) All medical records and personal documents and all copies of medical records and personal documents received by Attorney Charles J. Mcelhinney during the criminal proceedings of Mr. Hernandez's Case.

4) Absent review of Mr. Hernandez's medical records he cannot make the "factual showing on the record" to the courts of his medical malpractice claim. Absent review of Mr. Hernandez's complete case file, he cannot make the "factual showing on the record" that counsel's performance was adversely effective as required by case law. See UNITED STATES V. ALLEN, 831 F.2d 1487, 1496 (9th cir. 1987)

Moreover, on information and belief, Attorney Charles J. Mecelhinney's performance was below the objective standard of STRICKLAND V. WASHINGTON, 466 U.S. 668, 80 L.Ed 2d 674, 104 S.Ct 2052 (1984), he also had no interest in the extremely nerve damages Mr. Hernandez suffered while being housed as a pretrial detainee at the New Mexico Jail Facility,

Mr.Hernandez was prejudiced thereby. However,Absent review of Mr.Hernandez's complete case file and medical records, defendant cannot make sufficiently specific factual allegations to satisfy the requirement for pleading a claim of ineffective assistance of counsel, or his medical malpractice claim in a §2255 and §1983 form.

5) Mr.Mcelhinney was Mr.Hernandez's court appointed counsel during the criminal proceedings of his case, but no longer represent him.

6) Movant has asked attorney Charles J. Mcelhinney on numerous occasions to release his original case file and medical records to him. In each case Attorney Charles J. Mcelhinney has either refused or ignores the request.

7) Under State law and professional rules, it is well settled that Mr.Hernandez is entitled to possession of his original case file and medical records upon request.

8) This court has supervisory over the members of the bar practicing before it and is mandated to ascertain that they comply inter alia, with state and federal law as well as professional rules. CHAMBERS V. NASCO, 501 U.S 32, 43, 115 L.Ed 2d 27, 111 S.Ct 2123 (1991)

Bases on state law, ethical considerations and professional rules alone, without even considering Mr.Hernandez's constitutional rights to access to courts, this

court can and should order Attorney Charles J. Mcelhinney to return Mr. Hernandez files to him in a promptly manner.

9) This court has anomalous or equitable jurisdiction over said attorney as an "officer of the court" under the reasoning of UNITED STATES V. HUBBARD, 650 F.2d 293, 303 [n.271 (D.C. Cir.1980) and UNITED STATES V. JONES, 852 F.2d 1235, 1237 (9th Cir. 1988). Sufficient to ORDER the attorney to return defendant Mr. Hernandez's file directly to him.

10) This court has an obligation under reasoning of JOHNSON V. AVERY, 393 U.S. 483, 485 (1969) and progeny to ascertain that defendant Hernandez has access to court for the motion pursuant to 28 U.S.C. §2255 as well as civil complaint's under §1983.

## RELIEF REQUESTED

Movant Juan Hernandez asks this Honorable court to issue an order directing Attorney Charles J. Mcelhinney of 637 N. Alameda Blvd, Las Cruces, NM 88005 to return to the defendant complete original file and medical records to him at: Juan Hernandez
#76712-051, United States Penitentiary Tucson, Post Office Box 24550, Tucson, Arizona 85734

Signed under penalty of perjury under 28 U.S.C. §1746, this 26 Day of April, 2016

*Juan Hernandez*

Juan Hernandez

# 76712-051

United States Penitentiary

Post Office Box 24550

Tucson, Arizona 85734

CERTIFICATE OF SERVICE

---

I Hereby certify that i have forwarded a true and exact copy of motion to release case file to:

   Charles J. Mcelhinney

   Attorney of Law

   637 N. Alameda Blvd.

   Las Cruces,NM 88005

By placing the same document in the USPS, postage prepaid, on this 26 Day of April, 2016

   *Juan Hernandez* (signature)

   Juan Hernandez

   #76712-051

   United States Penitentiary

   Post Office Box 24550

   Tucson,Arizona 85734

⇔76712-051⇔
Juan Hernandez
76712-051
U.S. Penitentiary Tucson
PO Box 24550
Tucson, AZ 85734



Legal Mail)
4.26.16

⇔76712-051⇔
Us District Court
Office OF THE Clerk
100 N Church ST
District OF N.M.
LAS Cruces, NM 88001

MATTHEW J. DYKMAN
CLERK

MAY 02 2016