IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 14-cr-2790-WJ |
| | ) | |
| JUAN HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

### RESPONSE TO DEFENDANT'S MOTION FOR ORDER

The United States responds in opposition to Defendant's Motion for Order. Doc. 58. Because Defendant fails to meet the standard establishing "good cause" for the documents requested, his motion should be denied.

*Defendant's Motion*

In Defendant's motion, he requests a variety of documents including: 1) motions filed with the court; 2) discovery requests by counsel; 3) results of discovery; 4) rulings on motions by the court; 5) transcripts of proceedings, sentencing, and plea agreements; 6) briefs filed on defendant's behalf; 7) orders and opinions in the direct review of Defendant's case; 8) Defendant's presentence report; and 9) all medical records and personal documents in possession of Attorney Charles McElhinney. Doc. 58.

Defendant goes on to state that he needs those documents in order to prepare a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel and a 42 U.S.C. § 1983 civil suit against the New Mexico jail facility where he was housed as a pretrial detainee. Doc. 58. Defendant provides no further justification for requesting the documents. *See id.*

1

*Applicable Law*

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." In the context of a 28 U.S.C. § 2254 proceeding, the Tenth Circuit has held that "[g]ood cause is established 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999) (citation omitted). In an unpublished opinion, the Tenth Circuit has applied the same standard to a § 2255 claim. *See United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. Sep. 27, 2011).

In his discovery motion Defendant baldly asserts that the requested discovery is needed to make a factual showing for his § 1983 civil suit and his § 2255 ineffective assistance of counsel claim. However, Defendant has failed to provide specific allegations showing reason to believe that the requested discovery would produce information supporting either claim. Therefore, "neither the federal rules nor the fundamental fairness required by due process entitle[ ] him to discovery." *Moya-Breton*, 439 F. App'x at 716 (finding district court did not abuse its discretion in denying equally deficient request for discovery by habeas petitioner). Therefore, the Court should find that Defendant has failed to establish good cause for his discovery requests and deny his motion.

*Conclusion*

Because Defendant has failed to establish good cause for his discovery requests, the Court should deny his motion.

Respectfully submitted,

**DAMON P. MARTINEZ**
UNITED STATES ATTORNEY

____/s/_____
MARISA A. LIZARRAGA
*Assistant United States Attorney*
555 S. Telshor Drive, Suite 300
Las Cruces, NM 88011
Desk: 575-323-5262
Marisa.Lizarraga@usdoj.gov

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on May 19, 2016, which will send electronic notification to defense counsel of record.

   /s/ Marisa A. Lizarraga

Marisa A. Lizarraga
*Assistant United States Attorney*