# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                        No. CR 14-02790 WJ

JUAN HERNANDEZ,

        Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ORDER

THIS MATTER comes before the Court upon Defendant's Motion for Order (**Doc. 58**), filed May 2, 2016. Having reviewed the parties' filings and the applicable law, the Court finds that Defendant's Motion for Order is not well-taken, and therefore **DENIED**, as herein described.

### BACKGROUND

Defendant Juan Hernandez ("Defendant") files this Motion seeking a variety of documents currently in the possession of the attorney appointed to represent him during the criminal proceedings of his case. These documents include: (1) motions filed with the court; (2) discovery requests by counsel; (3) results of discovery; (4) rulings on motions by the court; (5) transcripts of proceedings, sentencing, and plea agreements; (6) briefs filed on the Defendant's behalf; (7) orders and opinions in the direct review of Defendant's case; (8) Defendant's presentence report; and (9) all medical records and personal documents in the possession of the attorney.

Defendant seeks these documents in order to prepare a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel and a 42 U.S.C. § 1983 civil suit against the New Mexico jail facility where he was housed as a pretrial detainee.

Defendant filed his Motion for Order (**Doc. 58**) on May 2, 2016. The United States filed a Response (**Doc. 62**) on May 19, 2016.

## LEGAL STANDARD

Under Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." In the context of a 28 U.S.C. § 2254 proceeding, the Tenth Circuit has held that "[g]ood cause is established 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Wallace v. Ward*, 191 F.3d 1235, 1245 (10th Cir. 1999) (citation omitted). In an unpublished opinion, the Tenth Circuit has applied the same standard to a § 2255 claim. *See United States v. Moya-Breton*, 439 F. App'x 711, 716 (10th Cir. 2011).

## DISCUSSION

Defendant argues that without his medical records, he cannot make the factual showing of his medical malpractice claim to the court. Further, without review of his complete case file, Defendant cannot make the factual showing on the record that counsel's performance was adversely effective as required by case law. *See United States v. Allen*, 831 F.2d 1487, 1496 (9th Cir. 1987). Defendant alleges that his attorney has either refused or ignored his requests for the records. Defendant requests this court to promptly order the return of Defendant's files to him.

The United States argues that Defendant has failed to provide specific allegations

showing reason to believe that the requested discovery would produce information supporting either his § 1983 civil suit or his § 2255 ineffective assistance of counsel claim. The United States further argues that "neither the federal rules nor the fundamental fairness required by due process entitle[] him to discovery." *Moya Breton*, 439 F. App'x at 716. The United States concludes that the Court should find that Defendant has failed to establish good cause for his discovery requests and deny the Motion.

The Court agrees with the United States that Defendant has not met *the* standard establishing "good cause" for the documents requested. Defendant has failed to show *reason* to believe that the requested documents would produce information supporting either of his claims.

Accordingly, the Court finds Defendant's Motion for Order is not well-taken, and therefore **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE